UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff<br>　v.<br>SEMYON NEYS,<br>　　　　　Defendant. | No. CR 05-70560 EMC<br><br>DETENTION ORDER |

　　　On July 28, 2005, the Court held a detention hearing and received evidence in the form of the United States' proffer, the defendant's proffer, a report by United States Pretrial Services, and an oral supplement presented to the Court.

　　　Having considered the parties' proffers, the Pretrial Services Report, and the files and records in this matter, the Court finds by clear and convincing evidence that defendant is a danger to the community and is hereby **ORDERED** detained. In so holding, the Court considered the following factors:

　　　1. On July 28, 2005, a federal grand jury returned a multiple count indictment charging defendant Semyon Neys with violations of 21 U.S.C. § 846 (Conspiracy to Distribute Methamphetamine and Estasy), 21 U.S.C. § 841(a)(1) (Distribution of Methamphetamine) and 21

1

U.S.C. § 841(a)(1)(Distribution of Ecstasy). Pursuant to 18 U.S.C. § 3142(e), because the maximum penalty for these violations is a term of ten years or more under the Controlled Substances Act, there is a rebuttable presumption that "no conditions or combination of conditions will reasonably assure the appearance of the person and safety of the community."

2. The defendant is subject to a mandatory minimum of ten years imprisonment on several of the counts charged in the indictment. The government has proffered that defendant Neys was involved in the distribution of more than 50 grams of pure methamphetamine and a significant quantity of ecstasy. When arrested by the Santa Rosa Police Department on July 10, 2005, the defendant was found in possession of approximately 49 grams of methamphetamine, cocaine, and 1,000 ecstasy pills.

3. The government also proffered other evidence that the defendant has been involved in activity posing a danger to the community including offering to sell a semiautomatic sub-machine gun, a fully automatic sub-machine gun, and a hand gun (all not registered) to an undercover officer. The defendant was intercepted in conversations threatening to burn down a drug supplier's mother's trailer due to a dispute with the supplier. On July 10, 2005, the defendant was intercepted in conversations in which he admitted to stabbing two individuals with a knife after they stole some methamphetamine from him. Defendant was also overheard recruiting other associates and asking them to bring his and other guns along in order to retaliate against the group for stealing Ney's methamphetamine. Although defendant asserts that all of this activity was done in self-defense, the Court finds his evident willingness to resort to violence still poses a danger to the community. Defendant Neys was also in possession of an AK-47 and two handguns, one of which had rubbed off serial numbers, when he was arrested by local police in one of his pending criminal cases.

4. The defendant committed these offenses while on release in two pending state court matters. One of these matters involved a high speed chase with the California Highway Patrol ("CHP") in San Mateo County where the government alleges that he almost ran over a CHP officer. Again this demonstrates the defendant's willingness to endanger community safety. The Court finds that the defendant has demonstrated that he is not amenable to court supervision.

5. Finally, his mother is unwilling to post the condominium that she currently owns. His father is currently away on vacation and it is unclear as to whether he is willing act as a surety for the defendant and post money to secure his release. While the defendant's mother has offered to sign an unsecured bond, given the risks discussed above, the proposal is inadequate.

6. The Court finds there are conditions that can assure defendant's appearance, but that by clear and convincing evidence he poses a danger to the community that cannot be reasonably addressed by any available set of conditions.

Therefore, **IT IS HEREBY ORDERED** that:

(1) The defendant be, and hereby is, committed to the custody of the Attorney General for a confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

DATED: August 8, 2005

EDWARD M. CHEN
United States Magistrate Judge